| Prob 22 (2/98) | | DOCKET NUMBER (Tran Court) 4:00CR00088-002 |
|---|---|---|
| **TRANSFER OF JURISDICTION** | | DOCKET NUMBER (Rec Court) 4:08CR00071-01 WRW |

| NAME AND ADDRESS OF PROBATION/SUPERVISED RELEASEE: Tim Jones Lafe, AR 72436 | DISTRICT Northern District of Mississippi | DIVISION Eastern |
|---|---|---|
| | NAME OF SENTENCING JUDGE Neal B. Biggers | FILED FEB 0 4 2008 DAVID CREWS, CLERK By: _____ Deputy |
| | DATES OF PROB/TSR RELEASE | FROM 6/9/0? | TO 6/8/12 |

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
FEB 14 2008
JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

| OFFENSE |
|---|
| Conspiracy to Manufacture Methamphetamine |

### PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Eastern District of Arkansas upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

12/05/07
Date

_Neal Biggers_
United States District Judge

* This sentence may be deleted in the discretion of the transferring Court.

### PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE Eastern District of Arkansas

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

1/16/08
Date

United States District Judge



RECEIVED
FEB - 4 2008
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

FILED
MAY 25 2000
ARLEN B. COYLE, CLERK
By_____ Deputy

UNITED STATES OF AMERICA

v.

CRIMINAL NO. 4:00CR088
21 U.S.C. § 841
21 U.S.C. § 846

TRACY HAMILTON
TIM JONES
CHARLES TURNER
JEREMY UTLEY
PHILLIP WEBB
MICHELLE WINEMILLER

## INDICTMENT

The Grand Jury charges that:

### Count One

From on or about December 11, 1999, to on or about December 12, 1999, in the Northern District of Mississippi, TRACY HAMILTON, TIM JONES, CHARLES TURNER, JEREMY UTLEY, PHILLIP WEBB, MICHELLE WINEMILLER, defendants herein, did knowingly and willfully conspire to manufacture 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a) and 846.

(Imprisonment for not less than 10 years or more than life; a fine of not more than $4,000,000; no less than 5 years supervised release (21 U.S.C. § 841(a), (b)(1)(A)(viii); and a $100 special assessment fee (18 U.S.C. 3013(a)(2)(A).

### Count Two

From on or about December 11, 1999, to on or about December 12, 1999, in the Northern District of Mississippi, TIM JONES, CHARLES TURNER, and JEREMY UTLEY, defendants herein, did knowingly and willfully manufacture 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a) and 846.

(Imprisonment for not less than 10 years or more than life; a fine of not more than $4,000,000; no less than 5 years supervised release (21 U.S.C. § 841(a), (b)(1)(A)(viii); and a $100 special assessment fee (18 U.S.C. 3013(a)(2)(A).

### A TRUE BILL

_____
UNITED STATES ATTORNEY

FOREPERSON

CERTIFYING STAMP
I hereby certify that the foregoing is a true copy of the original thereof now in my office.
Attest___2/11/08___
David Crews, Clerk
By_____
Deputy Clerk

# United States District Court
## NORTHERN DISTRICT OF MISSISSIPPI

FILED

DEC 1 3 2000

ARKEN B. COYLE, CLERK
By_____ Deputy

UNITED STATES OF AMERICA

v.                                              Case Number   4:00CR00088-002

TIM JONES
    Defendant.

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, TIM JONES, was represented by Robert S. Mink.

On motion of the United States, the court has dismissed the remaining counts of the indictment as to this defendant.

The defendant pleaded guilty to count(s) 1 of the indictment filed on 5/25/2000. Accordingly, the defendant is adjudged guilty of such count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC §§841 & 846 | Conspiracy to Manufacture Methamphetamine | 1/19/2000 | 1 |

As pronounced on 12/13/2000 [handwritten: 11/28/2000], the defendant is sentenced as provided in pages 1 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $100, for count(s) 1, which shall be due immediately. All criminal monetary penalties to include special assessments, fine, and/or restitution shall be made to the Clerk, U.S. District Court, 911 Jackson Avenue, Room 369, Oxford, MS 38655. Payment shall be tendered in cash, postal money order, or certified bank check only. Personal checks will not be accepted.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the __13__ day of _____ 2000.

_____
NEAL B. BIGGERS, JR.
SENIOR U. S. DISTRICT JUDGE

Defendant's SSN:
Defendant's Mailing Address:                Defendant's Date of Birth:
Defendant's Residence Address:                    LAFE, AR 72436
Defendant's USM No: 11234-042                   ); LAFE, AR 72436

J/CBK#65                    23              Entered 12-14-00

Defendant: TIM JONES                                                                                     Judgment--Page 2 of 6
Case Number: 4:00CR00088-002

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 151 months.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By_____
Deputy Marshal

Defendant: TIM JONES  Judgment--Page 3 of 6
Case Number: 4:00CR00088-002

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Fine and Restitution sheet of the judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer 10 days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S  Sheet 3a - Supervised Release

Defendant: TIM JONES  
Case Number: 4:00CR00088-002

Judgment--Page 4 of 6

## SPECIAL CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1. The defendant shall participate in a program of testing and treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.

Defendant: TIM JONES  TIM JONES                                      Judgment--Page 5 of 6
Case Number: 4:00CR00088-002  4:00CR00088-002

## STATEMENT OF REASONS

The court adopts the factual findings and guideline application in the presentence report.

**Guideline Range Determined by the Court:**
Total Offense Level:            33
Criminal History Category:      II
Imprisonment Range:             151 months to 188 months.
Supervised Release Range:       5 to  years
Fine Range:                     $ 17,5000 to $ 4,000,000
Restitution:                    $ N/A

The fine is waived because of the defendant's inability to pay.

27

Judgment--Page 6 of 6

Defendant: TIM JONES
Case Number: 4:00CR00088-002

## DENIAL OF FEDERAL BENEFITS
### (For Offenses Committed On or After November 18, 1988)

**FOR DRUG TRAFFICKERS PURSUANT TO 21 U.S.C. § 862**

IT IS ORDERED that the defendant shall be ineligible for all federal benefits for a period of 5 years ending 11/28/2005.

**Pursuant to 21 U.S.C. § 862(d), this denial of federal benefits does not include any retirement, welfare, Social Security, health, disability, veteran's benefit, public housing, or other similar benefit, of any other benefit for which payment or services are required for eligibility.**

*THE CLERK OF COURT IS RESPONSIBLE FOR SENDING A COPY OF THIS PAGE AND THE FIRST PAGE OF THIS JUDGMENT TO: U.S. DEPARTMENT OF JUSTICE, OFFICE OF JUSTICE PROGRAMS, WASHINGTON D.C. 20531.*

CERTIFYING STAMP
I hereby certify that the foregoing is a true copy of the original thereof now in my office.
Attest  2/11/08
David Crews, Clerk
By  J. Adams
Deputy Clerk

28